GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 22-CR-00318-001-PHX-DGC |
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS AND UNITED STATES SENTENCING MEMORANDUM** |
| Omar Molina-Galeana, | |
| Defendant. | |

The Presentence Report Writer has appropriately applied the sentencing guidelines to OMAR MOLINA-GALEANA's ("Defendant") case, and the recommended fifty-seven (57) months in the Bureau of Prisons followed by three (3) years of supervised release sentence is appropriate.

## I.  FACTS

Defendant was charged by indictment on April 12, 2022, with Count 1, Conspiracy, a violation of 18 U.S.C. § 371. On October 25, 2022, A grand jury returned a superseding indictment expanding the conduct in Count 1.

On June 13, 2023, Defendant admitted to the following factual basis in the plea agreement:

Between on or about November 3, 2021, and April 14, 2022, Defendant OMAR MOLINA-GALEANA and co-defendant Jesus Guerrero

knowingly induced and procured co-defendants Ernesto Javier Lizarraga, Richard Montijo, Israel Francisco Lopez, Ianira Gonzalez, Kai San Diego, Issac Allen Guerrero, Israel De La Vega, Samuel Ledezma Castillo, and Joslyne Maria Lopez to make false statements and representations regarding the actual buyer/purchaser of the firearm(s) to businesses located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of that business.

On eight (8) separate occasions during the procurement of a total of eight (8) firearms, co-defendant Ernesto Javier Lizarraga completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On one (1) occasion during the procurement of a total of two (2) firearms, co-defendant Richard Montijo completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On two (2) separate occasions during the procurement of a total of two (2) firearms, co-defendant Israel Francisco Lopez completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On two (2) separate occasions during the procurement of a total of two (2) firearms, co-defendant Ianira Gonzalez completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction

Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On ten (10) separate occasions during the procurement of a total of ten (10) firearms, co-defendant Kai San Diego completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On eleven (11) separate occasions during the procurement of a total of ten (10) firearms, co-defendant Issac Allen Guerrero completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On three (3) separate occasions during the procurement of a total of three (3) firearms, co-defendant Israel De La Vega completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On five (5) separate occasions during the procurement of a total of five (5) firearms, co-defendant Samuel Ledezma Castillo completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

On six (6) separate occasions during the procurement of a total of five (5) firearms, co-defendant Joslyne Marie Lopez completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms

Transaction Record, indicating he was the true buyer/purchaser, when Defendant OMAR MOLINA-GALEANA was the actual buyer and intended recipient of the firearms.

At Defendant OMAR MOLINA-GALEANA's direction and co-defendant Jesus Guerrero's supervision, co-defendants Ernesto Javier Lizarraga, Richard Montijo, Israel Francisco Lopez, Ianira Gonzalez, Kai San Diego, Issac Allen Guerrero, Israel De La Vega, Samuel Ledezma Castillo, and Joslyne Maria Lopez provided all firearms to Defendant OMAR MOLINA-GALEANA.

## II. RESPONSE TO PRESENTENCE REPORT OBJECTIONS

### A. The PSR Correctly Applies U.S.S.G. § 3B1.1(a), adding 4 Points for an Aggravating Role.

Pursuant to U.S.S.G. § 3B1.1(a), if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels. U.S.S.G. § 3B1.1 cmt. 4 provides further guidance that, "In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense." In order to characterize a defendant as an "organizer or leader" for purposes of guideline § 3B1.1(a), certain threshold elements of control or organization must be present. Specifically, there must be evidence that the defendant [1] exercised some control over others involved in the commission of the offense **or** [2] *was responsible for organizing others for the purpose of carrying out the crime*." (emphasis added) *United States v. Whitney*, 673 F.3d 965, 975

- 4 -

(9th Cir.2012). The court further explores the second prong of this disjunctive test in *United States v. Doe*, looking to the dictionary to define "organizer" as "[a] person who organizes," and defines "organize" as to "make arrangements or preparations for (an event or activity); coordinate" or to "coordinate the activities of (a person or group of people) efficiently: organize and lead a group of people." New Oxford American Dictionary 1236 (3rd ed.2010); *United States v. Doe*, 778 F.3d 814, 822 (9th Cir. 2015). This dictionary definition is consistent with language in the application notes to § 3B1.1, which suggests that a court should consider organizing, planning, and preparation activities, in addition to the degree of authority and control over others. *See* § 3B1.1, cmt. n.4. Further, the use of the terms "organizer", "leader", "supervisor", and "manager" are all distinct, which does not require an organizer to be a leader. *Id.*

In *United States v. Avila*, the defendant was an organizer where he "coordinated the procurement and the distribution of both cocaine and heroin" and "had numerous sources for his drugs." 905 F.2d 295, 299 (9th Cir.1990). In sum, in the context of drug transactions, the organizer enhancement is appropriately applied to defendants who coordinate drug transactions because "[t]he enhancement reflects the greater level of culpability of the participant who arranges the transaction." *United States v. Varela*, 993 F.2d 686, 691 (9th Cir. 1993); *United States v. Montano*, 250 F.3d 709, 716 (9th Cir.2001).

Defendant was the catalyst and organizer of the criminal activity in this case, and Defendant does not challenge that this criminal activity included five or more participants. Within each of the co-defendants' plea agreements, it is explicitly clear that the intended recipient of these firearms was Defendant. Defendant sought to recruit multiple straw purchasers, provided them cash for the purchases, directed them what to buy, and collected all the firearms for his further disposal. He organized the entire enterprise.

For these reasons, he should receive the 4 level increase for this enhancement.

**B. The PSR Correctly Applies U.S.S.G. § 2K2.1(b)(6)(A), adding 4 points for Defendant's involvement in the trafficking Firearms to Mexico.**

U.S.S.G. § 2K2.1(b)(6)(A) provides that a four-level enhancement is warranted if

possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States.

Defendant contends that he was unaware that the firearms were going to Mexico. However, co-defendants have provided statements confirming Defendant was involved in bringing the firearms to Mexico. (*See* Attachment A). Ultimately, many firearms were recovered in Mexico further supporting their transport to Mexico.

For these reasons, Defendant knew these firearms were going to Mexico and likely transported them himself.

## III. UNITED STATES' SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The government, having reviewed the PSR (Doc.405) concurs with the calculation of a total offense level of 23, CHC I, for a sentencing range of 46 - 57 months of imprisonment. The plea agreement stipulates to a cap at the high-end of the guidelines. When considering the § 3553(a) factors, the United States, in agreement with the PSR, submits a sentence of 57 months in prison and three years' supervised release is sufficient

but not greater than necessary to achieve the principles of sentencing.

The nature and circumstances of these offenses—Conspiracy to Purchase 48 firearms—is serious. 18 U.S.C. § 3553(a)(1). Defendant organized the purchase of forty-eight firearms through ten people. Those firearms were then trafficked to Mexico, which many of them have been recovered in violent crimes involving the cartel in Mexico. However, most of the firearms remain outstanding.

The history and characteristics of this Defendant are troubling. U.S.C. § 3553(a)(1). Despite Defendant being contacted by law enforcement in December 2021, he still continued to seek straw purchasers to participate in his trafficking enterprise. He was not discouraged. Additionally, Defendant was also involved in alien smuggling.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). A substantial sentence is warranted due to the dangerousness of Defendant's trafficking activity. He used ten people to obtain 48 firearms to be trafficked to Mexico.

The Defendant presents mental health and substance abuse treatment needs. U.S.C. § 3553(a)(2)(D). Defendant is suffering from mental health and drug addiction. Ongoing treatment will be needed to help in his recovery.

The government does not dispute that following his arrest, the Defendant readily accepted responsibility and pleaded guilty. However, when balancing this against the Defendant's present offense, criminal history, and need for deterrence, a high-end sentence of 57-months is appropriate. For these reasons, the government requests that this Court sentence the Defendant to a 57-month term of imprisonment, followed by three years of supervised release.

//

//

### III. Conclusion

For the abovementioned reason, the government request the Court impose a 57-month incarceration sentence followed by three years of supervised release.

Respectfully submitted this 15th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*
ADDISON SANTOME
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

Braulio Sanchez
*Attorney for Defendant*

*s/Addison Santome*
United States Attorney's Office