GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 22-00318-002-PHX-DGC |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Ernesto Javier Lizarraga, | |
| Defendant. | |

When balancing the 18 U.S.C. § 3553(a) factors, the United States finds that a sentence of time served followed by three years' supervised release is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

I.    **FACTS**

Defendant was charged by indictment in Count 1, Conspiracy, in violation of 18 U.S.C. § 371; and Counts 2–17, Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).  On October 25, 2022, the grand jury returned a superseding indictment. Defendant's charges were unchanged.

On May 31, 2023, Defendant pleaded guilty to Count 10.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts 1–9 and 11–17 against Defendant at

the time of sentencing.  Defendant admitted to the following factual basis in the plea agreement:

On or about November 3, 2021, Defendant ERNESTO JAVIER LIZARRAGA entered Jones & Jones, a Federal Firearms Licensee (FFL), in Somerton, Arizona.  Defendant ERNESTO JAVIER LIZARRAGA selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473.  Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant ERNESTO JAVIER LIZARRAGA selected "Yes" he was the actual purchaser/buyer.  Defendant ERNESTO JAVIER LIZARRAGA knew he was purchasing the firearm on behalf co-defendant Omar Molina-Galeana. After Defendant ERNESTO JAVIER LIZARRAGA submitted the form to Jones & Jones, he purchased and left with the firearm.  Subsequently, Defendant ERNESTO JAVIER LIZARRAGA provided the firearm to co-defendant Omar Molina-Galeana.

## II.  United States Sentencing Recommendation

The Presentence Report (PSR) calculates the advisory Guideline range of 24–30 months, based upon a Total Offense Level of 17 and Defendant's Criminal History Category I. (PSR, page 26.)  Probation is recommending a low-end sentence of 24 months followed by a 3-year term of supervised release.  The United States agrees with the PSR's calculation, but believes a time served sentence is more appropriate in this matter.

Consistent with the 11(c)(1)(C) agreement in the plea agreement, the government believes a term of incarceration less than the low end of the range is appropriate.  In short, Defendant admitted responsibility for his actions during his initial interview and has accepted a plea agreement in this case.

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

When considering the § 3553(a) factors, the United States submits a time served sentence with a three-year supervised release term is sufficient, but not greater than necessary, to achieve the principles of sentencing.

The nature and circumstances of these offenses—Straw Purchasing firearms—are serious. 18 U.S.C. § 3553(a)(1). Straw purchasing fuels violent crime. Firearm violence is an epidemic in the United States, and Defendant played a crucial role in that chain of violence. However, his immediate acceptance of responsibility demonstrates his understanding of the danger he placed the community in.

The history and characteristics of Defendant suggest he can be rehabilitated. U.S.C. § 3553(a)(1). At 24 years old, Defendant has no prior criminal history. Although he appears to be struggling with addiction, he has expressed a desire to better himself and seek treatment and maintain employment. Additionally, he previously has participated in treatment through Community Bridges.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18

- 3 -

U.S.C. § 3553(a)(2)(B).  Defendant has no prior criminal history and has never received a custodial sentence.  Due to his pretrial service violation, he is presently in custody and has been for forty-seven days.  Three years of supervised release after sustaining a permanent felony conviction is adequate deterrence.

After thorough evaluation during Defendant's pretrial release, Defendant appears to need substance abuse treatment.  U.S.C. § 3553(a)(2)(D).   This treatment can be accomplished during his term of supervised release.  Based on the limited instance of his drug use, the government is not recommending Crossroads at this time – unless Defendant requests otherwise.

The United States recommends a time served sentence followed by three years of supervised release due to Defendant's lack of criminal history, desire to overcome his addictions, and low risk to re-offend.

**III.    CONLCUSION**

A time served sentence with three years' supervised release acknowledges the seriousness of this offense, provides meaningful deterrence, and accounts for Defendant's substantial need for supervision and structure.  Given this term satisfies the goals set forth in § 3553(a)(2), the United States requests that the Court accept the plea agreement, and sentence Defendant consistent with the plea agreement and this memorandum.

Respectfully submitted this 16th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Addison Santome
ADDISON SANTOME
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Brandon Cotto
*Attorney for Defendant*

*s/Addison Santome*
United States Attorney's Office