GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 22-00318-007-PHX-DGC |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Kai San Diego, | |
| Defendant. | |

When balancing the 18 U.S.C. § 3553(a) factors, the United States finds that a sentence of time served followed by three years' supervised release is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

**I.    FACTS**

On October 25, 2022, Defendant was charged in a superseding indictment in Count 1, Conspiracy, in violation of 18 U.S.C. § 371, Counts 25-26, False Statement During the Purchase of a Firearm, 18 U.S.C. § 924(a)(1)(A), and Counts 27-34, Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

On April 19, 2023, Defendant pleaded guilty to Count 25.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range.  Pursuant to Fed. R. Crim. P.

11(c)(1)(A), the United States shall dismiss Counts 1 and 26-34 against Defendant at the time of sentencing.  Defendant admitted to the following factual basis in the plea agreement:

On or about November 10, 2021, Defendant KAI SAN DIEGO entered Jones & Jones, a Federal Firearms Licensee (FFL), in Somerton, Arizona.  Defendant KAI SAN DIEGO selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473.  Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant KAI SAN DIEGO selected "Yes" he was the actual purchaser/buyer.  Defendant KAI SAN DIEGO knew he was purchasing the firearm on behalf co-defendant Omar Molina-Galeana.  After Defendant KAI SAN DIEGO submitted the form to Jones & Jones, he purchased and left with the firearm.  Subsequently, Defendant KAI SAN DIEGO provided the firearm to co-defendant Omar Molina-Galeana.

**II.  United States Sentencing Recommendation**

The Presentence Report (PSR) calculates the advisory Guideline range of 30-37 months, based upon a Total Offense Level of 19 and Defendant's Criminal History Category I. (PSR, page 27.)  Probation is recommending a less than low-end sentence of 24 months followed by a 3-year term of supervised release.  The United States agrees with the PSR's calculation, but believes a time served sentence is more appropriate in this matter.

Consistent with the 11(c)(1)(C) agreement in the plea agreement, the government believes a term of incarceration less than the low end of the range is appropriate.  In short, Defendant admitted responsibility for his actions during his initial interview and has

accepted a plea agreement in this case. Since struggling with addiction on pretrial release, he has participated in Crossroads and made meaningful progress. A time served sentence with a supervised release term allows him to continue that progress with the structure of supervision.

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

When considering the § 3553(a) factors, the United States submits a time served sentence with a three-year supervised release term is sufficient, but not greater than necessary, to achieve the principles of sentencing.

The nature and circumstances of these offenses—Straw Purchasing Firearms—are serious. 18 U.S.C. § 3553(a)(1). Straw purchasing fuels violent crime. Firearm violence is an epidemic in the United States and Mexico, and Defendant played a crucial role in that chain of violence. However, his acceptance of responsibility demonstrates his understanding of the danger he placed the community in.

The history and characteristics of Defendant suggest he can be rehabilitated. U.S.C. § 3553(a)(1). At 22 years old, Defendant has limited prior criminal history which appears to involve his abuse of alcohol. Although he appears to be struggling with addiction, his

participation in Crossroads has mitigated that concern.  Continued support while on supervised release will assist Defendant in his rehabilitation.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B).  Defendant has limited criminal history and has never received a custodial sentence.  Due to his pretrial violation of his release terms, he served some time in custody.  Three years of supervised release after sustaining a felony conviction is adequate deterrence.

Defendant appears to need continued substance abuse treatment. U.S.C. § 3553(a)(2)(D).  This continued treatment can be accomplished during his term of supervised release.  The government supports the imposition of substance abuse treatment and testing terms to support Defendant.

The United States recommends a time served sentence followed by three years of supervised release due to Defendant's limited criminal history, desire to overcome his addictions, and low risk to re-offend.

## III.    CONLCUSION

A time served sentence with three years' supervised release acknowledges the seriousness of this offense, provides meaningful deterrence, and accounts for Defendant's substantial need for supervision and structure.  Given this term satisfies the goals set forth in § 3553(a)(2), the United States requests that the Court accept the plea agreement, and sentence Defendant consistent with the plea agreement and this memorandum.

Respectfully submitted this 14th day of November, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*
ADDISON SANTOME
Assistant U.S. Attorney

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Mark Paige
*Attorney for Defendant*

*s/Addison Santome*
United States Attorney's Office

- 5 -