GARY M. RESTAINO
United States Attorney

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.santome@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 22-00318-006-PHX-DGC |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Ianira Gonzales, | |
| Defendant. | |

When balancing the 18 U.S.C. § 3553(a) factors, the United States finds that a sentence of three years' probation is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

**I.    FACTS**

On October 25, 2022, Defendant was charged in a superseding indictment in Count 1, Conspiracy, in violation of 18 U.S.C. § 371, and Counts 23-24, Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

On August 25, 2023, Defendant pleaded guilty to Count 23.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts 1 and 24 against Defendant at the

time of sentencing.   Defendant admitted to the following factual basis in the plea agreement:

On or about December 9, 2021, Defendant IANIRA GONZALES entered Jones & Jones, a Federal Firearms Licensee (FFL), in Somerton, Arizona. Defendant IANIRA GONZALES selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473.  Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant IANIRA GONZALES selected "Yes" she was the actual purchaser/buyer.  Defendant IANIRA GONZALES knew she was purchasing the firearm on behalf co-defendant Omar Molina-Galeana at the request of co-defendant Jesus Guerrero.  After Defendant IANIRA GONZALES submitted the form to Jones & Jones, she purchased and left with the firearm.  Subsequently, Defendant IANIRA GONZALES provided the firearm to co-defendant Omar Molina-Galeana.

## II.  United States Sentencing Recommendation

The Presentence Report (PSR) calculates the advisory Guideline range of 6-12 months, based upon a Total Offense Level of 10 and Defendant's Criminal History Category I.  (PSR, page 25.)  Probation is recommending a term of three years' probation. The United States agrees with the PSR's calculation and recommendation.

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties."  *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc).  Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

When considering the § 3553(a) factors, the United States submits a time served sentence with a three-year supervised release term is sufficient, but not greater than necessary, to achieve the principles of sentencing.

The nature and circumstances of these offenses—Straw Purchasing Firearms—are serious. 18 U.S.C. § 3553(a)(1). Straw purchasing fuels violent crime. Firearm violence is an epidemic in the United States and Mexico, and Defendant played a crucial role in that chain of violence. However, her acceptance of responsibility demonstrates her understanding of the danger she placed the community in.

The history and characteristics of Defendant suggest she can be rehabilitated. U.S.C. § 3553(a)(1). At 20 years old, Defendant has no prior criminal history. Although she had experienced much instability and trauma during her childhood, she has not fallen into addiction. Aside from this encounter, she has no prior arrests.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). Defendant has no prior criminal history and has never received a custodial sentence. She has performed well while on pretrial release. Three years of probation after sustaining a felony conviction is adequate deterrence.

Defendant appears to need continued mental health treatment. U.S.C. § 3553(a)(2)(D). This treatment can be accomplished during her term of probation.

The United States recommends three-year probation term due to Defendant's limited criminal history, desire to accept responsibility, and low risk to re-offend.

**III.    CONLCUSION**

A three-year probation term acknowledges the seriousness of this offense and provides meaningful deterrence.    Given this term satisfies the goals set forth in § 3553(a)(2), the United States requests that the Court accept the plea agreement, and sentence Defendant consistent with the plea agreement and this memorandum.

Respectfully submitted this 20th day of November, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Addison Santome*
ADDISON SANTOME
Assistant U.S. Attorney

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 20, 2023, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Melinda Kovacs
*Attorney for Defendant*

*s/Addison Santome*
United States Attorney's Office