The Law Office of
Mark J. Andersen, P.L.C.
PO Box 6159
Chandler, Arizona 85246
Telephone:  (480) 800-9254
Email:  Mark@andersenlawaz.com
State bar # 018217

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | **CR-22-00318-008-PHX-DGC** |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE** |
| v. | |
| Issac Alan Guerrero, | The Honorable David G. Campbell |
| Defendant. | |

Defendant Issac Alan Guerrero, by and through undersigned counsel, respectfully

submits the attached Memorandum of Points and Authorities for the Court's consideration at

sentencing in the above-captioned case, presently set for December 20, 2023.

Respectfully submitted this 12th day of December, 2023.

/s/ Mark J. Andersen

Mark J. Andersen
Attorney for Defendant

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Issac Alan Guerrero is set for sentencing before this Court, after pleading guilty to Count 35, Making a Material False Statement During the Purchase of a Firearm, Aid and Abet, pursuant to a plea agreement with the Government.   A Presentence Investigation Report (PSR) has been prepared, which finds a final adjusted Guideline range of 24-30 months imprisonment and recommends a downward variance with a sentence of 18 months BOP with three years of supervised release.

As of the sentencing date, Mr. Guerero will have served no days of pre-incarceration credit as he received a summons and has had no issue or violation while on Pretrial Supervision. The pre-sentence writer cites Mr. Guerrero's young age, his lack of significant criminal record and his compliance with pretrial supervision as justification for the downward variance recommendation.   Below, Mr. Guerrero sets out the pertinent biographical information, information pertaining to the circumstances of the offense, and legal argument that he hopes will assist the Court in evaluating this case and arriving at a fair and just sentence.  Mr. Guerrero asks the Court to consider that a sentence of Probation is sufficient, but not greater than necessary to address this offense, and that this substantial downward variance results in an appropriately punitive and deterrent sentence.

### BACKGROUND

Mr. Guerrero is 22 years old.  He was born in Yuma, Arizona.  No other children resulted from his parents' union as they were only together briefly.  He never resided with both his mother and his father.  His mother has suffered from substance abuse issues throughout his life. Mr. Guerrero has maintained a good relationship with his mother but has had virtually no contact with his father.  Mr. Guerrero dropped out of High School as a Junior and has not yet obtained a G.E.D.

Thankfully, Mr. Guerrero has not had any children out of wedlock and is not currently in a relationship with anyone.  While on pretrial supervision, Mr. Guerrero has maintained employment with B&G Foods in Yuma working full-time at their warehouse. His supervisor wrote a letter in support.  Since November 16, 2022, Mr. Guerrero has abided by his travel and weapons release conditions and has submitted to drug testing and has provided 100% negative urinalysis since placement on supervision.  No week has passed in the last year that Mr. Guerrero failed to contact the undersigned as required by the Court order setting conditions of release.  In short, he has been a perfect probationer.

**SENTENCING ARGUMENT**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S. Ct. 586, 598 (2007), *quoting Koon v. United States*, 518 U.S. 81, 113 (1996).  With this in mind, Mr. Guerero respectfully submits the following argument with the intent to illuminate the relevant factors supporting the requested sentence, and show that such a sentence is appropriate in light of the 18 U.S.C. § 3553 mandate to impose a sentence that is sufficient, but not greater than necessary, to satisfy the goals of criminal punishment.

**I.      Statutory Considerations**

No statutory minimum sentence applies.

**II.     Plea Agreement Considerations**

The parties stipulate that the sentence not exceed the low end of the advisory Guideline range in addition to the adjustment for acceptance of responsibility, and Mr. Guerrero is permitted to argue in support of an additional variance.

**III.    Application of 18 U.S.C. § 3553(a) Factors Supporting the Requested Sentence.**

> **A.    The nature and circumstances of the offense and history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).**

This was an offense involving dishonesty with the Government and gun shops to obtain firearms on behalf of relatives of Mr. Guerrero.  Mr. Guerrero was a very young man who needed money to help support himself and his mother and was terribly naïve about the serious nature of this crime.   He was also too easily manipulated as a result of his negative relations.

> **B.    The need for the sentence imposed to provide punishment, deterrence, protection of the public, and rehabilitation.  18 U.S.C. § 3553(a)(2).**

A downward variance from the Guideline range could be imposed that would nonetheless still reflect a serious and appropriate penalty for the crime committed in this case.  A federal felony conviction, coupled with a period of federal supervised probation and the associated repercussions for any potential violation, represents substantial punishment and serves as a deterrent for a young man in Mr. Guerrero's position and stage of life.  Mr. Guerrero's adherence to the terms of supervised release further demonstrates his earnest commitment to meticulously follow the court's instructions.

In terms of safeguarding the public, there is no imperative need for imprisonment.  Mr. Guerrero lacks a substantial criminal record, and his conduct over the past year, accounting for a significant portion of his 22-year life, attests to the absence of any ongoing threat to public safety.

As to rehabilitation, Mr. Guerrero has reflected on his conduct and resolved to resume a law-abiding life.  He already has a work ethic that will serve him well for his future and while on probation.  He has made plans to obtain a G.E.D., move out on his own, and save money to improve his future.  No amount of incarceration is necessary to promote Mr. Guerrero's rehabilitation.

**C.      The kinds of sentences available.  18 U.S.C. § 3553(a)(3).**

No mandatory minimum sentence applies in this case.  The requested sentence is permitted under the terms of the parties' plea agreement.  And, as the Guidelines are advisory post-*Booker*, the Court is free to impose any reasonable sentence.

**D.      Consideration of the Guidelines and related policy statements.  18 U.S.C. § 3553(a)(4) and (5).**

The plea-adjusted Guideline range is 24-30 months imprisonment.

**E.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).**

A downward variant sentence will not result in any unwarranted sentencing disparity. Most of the other defendants in this case have either received a time-served or a supervised probation sentence.

## CONCLUSION

Mr. Guerero finds himself before the Court for Making a Material False Statement During the Purchase of a Firearm, Aid and Abet conviction, arising out of the assistance that he gave to his cousin in purchasing firearms and for the money he was supposed to receive for it. Despite his knowing illegal behavior, he was very young, and his naivety was taken advantage of by more culpable individuals.  He quickly pled guilty in this case, accepted responsibility for his conduct, expressed sincere remorse, and is prepared to accept whatever sentence the Court imposes.  His lack of significant criminal history is also quite mitigating, particularly when evaluating his lack of familial role models.  He only hopes that the foregoing information has helped the Court see him as a human being, the good with the bad, evaluate the full range of circumstances relevant to this case, and that it may demonstrate to the Court that a less-than-Guideline sentence is reasonable, appropriate, and just.

///

///

Respectfully submitted this 12th day of December, 2023.

*/s/ Mark J. Andersen*

Mark J. Andersen
Attorney for Defendant

Original of the foregoing filed via CM/ECF,
and copies electronically distributed to the following
recipients:

Addison Santome
Assistant United States Attorney

Jonathan Spano
United States Probation Officer

By: */s/ Mark J. Andersen*
Mark J. Andersen

6