**JUAN L. ROCHA**
Rocha Law Office
Arizona Bar No. 025039
P.O. Box 5965
Mesa, Arizona 85211-5965
Tel: (480) 855-1759
Fax: (855) 327-4858
jrocha.law@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:22-cr-00318-DGC-003 |
| Plaintiff, | DEFENDANT'S REPLY TO OBJECTIONS TO PRE-SENTENCE REPORT ¶¶ 60-62 |
| -vs- | |
| Jesus Guerrero, | |
| Defendant. | |

Defendant, Mr. Jesus Guerrero by and through undersigned counsel, provides the following reply to his objection to the Pre-Sentence Report (PSR) ¶¶ 60-62; ECF # 497.

Defendant presents the following issue: May a court use a prior juvenile adjudication to change the sentence exposure facing a defendant? The plain language of the Supreme Court's holding in *Apprendi v. New Jersey*, 543 U.S. 220 (2000), says no. Quasi-criminal proceedings, specifically juvenile adjudications, after *Apprendi*, cannot be used to increase an offender's sentence because juvenile adjudications do not afford the same due process rights of an adult, e.g., jury trials, proof beyond reasonable doubt. *Apprendi* holds that a "prior conviction" passes constitutional muster because an offender was afforded due process. Applying this logic, the Ninth Circuit in *U.S. v. Tighe*, 266 F.3d 1187, 1192-93, (9th Cir. 2001), explained that there are "significant constitutional differences between adult convictions and juvenile adjudications." *Id.* at 1192-93 (holding that the definition of "conviction" did not extend to include "juvenile adjudications") (emphasis added). A prior conviction is constitutionally distinct from other sentencing facts because a prior conviction

must itself have been established through procedures satisfying the fair notice, reasonable doubt and jury trial guarantees of due process and the Sixth Amendment to the United States Constitution. *See Jones v. United States*, 526 U.S. 249 (2001). Juvenile adjudications, however, do not afford these same due process safeguards. *Tighe*, 266 F.3d at 1193.

Defendant has two offenses that are juvenile adjudications. PSR ¶¶ 60-62. A juvenile adjudication cannot somehow transform post hoc into a criminal conviction. This would constitute an illegal form of quasi-collateral estoppel and produce an anomalous and unfair result because the juvenile justice system did not afford Defendant the same due process rights; yet he was sentenced to a period of confinement. Using his juvenile adjudications to increase his criminal history score, thus, violates *Tighe*.

*United States v. Williams*, 891 F.2d 212 (9th Cir.1989), holds that where a juvenile received all the process constitutionally due at the delinquency proceeding stage, the later use of the juvenile adjudication for a sentence enhancement was constitutionally sound. *Tighe* has effectively overruled *Williams*. In *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc), the panel stated that "[i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Tighe* (and *Apprendi*) has "so undercut the theory or reasoning underlying the prior circuit precedent as to make the precedent clearly irreconcilable," namely, the earlier Ninth Circuit case holding that juvenile adjudications can count toward the criminal history score. *Miller v. Gammie*, 335 F.3d at 891. The dissenting judge in *Tighe*, in fact, recognized that the majority's holding had overruled *Williams*. "I do not believe the language plucked from Jones provides sufficient authority to overrule (albeit implicitly) this court's decision in *Williams*." *Tighe*, 266 F.3d at 1200.

For the reasons articulated in his objection and in this reply, Defendant asks this Court to sustain his objection to ¶¶ 60-62 of the PSR.

RESPECTFULLY SUBMITTED: January 13, 2024.

*s/Juan L. Rocha*
JUAN L. ROCHA
Attorney for Defendant

I hereby certify that on *January 13*, 2024, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal to the following ECF registrants:

Ms. Addison Santome
Assistant United States Attorney

Copy Mailed to:

Mr. Jesus Guerrero
Defendant