GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.santome@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 22-00318-005-PHX-DGC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT |
| vs. | |
| Israel Lopez, | Sentencing Hearing: 4/3/2024 |
| Defendant. | |

ISRAEL LOPEZ ("Defendant") is before the Court for sentencing following his guilty plea to Count twenty-one of the Superseding Indictment, Making a Material False Statement During the Purchase of a Firearm, Aid and Abet, a violation of 18 United States Code (U.S.C.), § 922(a)(6), 924(a)(2), and 2, a class C felony offense. The United States having reviewed its files and records in this case, the stipulations in the plea agreement (Doc. 388.), and the Presentence Investigation Report (Doc. 486.) urge this Court to sentence the Defendant to eight (8) months in the Bureau of Prisons, followed by three (3) years of supervised release, as it sufficient and not greater than necessary to meet the goals of sentencing.

PRESENTENCE REPORT

The government, having reviewed the Final Pretrial Investigation Report (PSR)(Doc. 486.) prepared by U.S. Probation Officer Jonathan P. Spano, concurs with the

recommendation, guideline calculation, and recitation of the offense conduct.

<u>SENTENCING RECOMMENDATION</u>

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—Material False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The purpose of this statue is to prevent firearms from ending up in the hands of those who seek to use or possess them illegally. The firearms purchased by the Defendant were ultimately destined for Mexico. The trafficking of United States purchased firearms to Mexico is currently an epidemic that is fueling cartel and organized crime violence.

The history and characteristics of this Defendant counsel in favor of a custodial sentence. U.S.C. § 3553(a)(1). The Defendant's criminal history score underestimates this Defendant's actual criminal activity and conduct. Defendant has two arrests from August 2023 that demonstrate violence and addiction. The government recognized that one of those cases was dismissed, while the other does not have a disposition. However, the facts still are concerning and present violations of law.

The nature of Defendant's conduct counsels in favor of a sentence that will

hopefully serve as an adequate deterrent against further criminal conduct by the Defendant. 18 U.S.C. § 3553(a)(2)(B). Almost every defendant in this case participated to obtain financial compensation. Defendant's sentence should force a rejection of that mentality. An eight-month term of incarceration will deter the Defendant, and others, from lying and buying.

Defendant will need continued substance abuse treatment. 18 U.S.C. § 3553(a)(2)(D). Defendant is currently in programing and appears to be performing well.

In close, the seriousness of these offenses, Defendant's criminal conduct, the need to deter the Defendant from committing these offenses in the future, and his potential treatment needs, support a custodial sentence. For this reason, the United States recommends the Court sentenced the Defendant to eight months in the Bureau of Prison followed by three years of concurrent supervised release.

Respectfully submitted this 4th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*

ADDISON SANTOME
Assistant U.S. Attorney

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of March, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Carlos Brown
*Attorney for Defendant*

*s/Addison Santome*
U.S. Attorney's Office