Carlos A Brown (Bar No. 026663)
**CARLOS BROWN LAW, PLLC**
1921 S. Alma School Road, Suite 112
Mesa, Arizona 85210
(480) 788-3131
info@carlosbrownlaw.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. 2:22-CR-00318-5-PHX-DGC |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM** |
| Israel Francisco Lopez, | |
| Defendant | |

Israel Lopez, through undersigned counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).  Mr. Lopez asks that this Court impose a sentence of time served and three years of supervised release. This Motion is supported by the following Memorandum of Points and Authorities, attached hereto and made a part hereof by reference.

Respectfully submitted: May 17, 2024.

*s/Carlos Brown*
Carlos A. Brown
Attorney for Defendant

# M E M O R A N D U M

## INTRODUCTION

Mr. Lopez is charged with and pled guilty to Making a Material False Statement During the Purchase of a Firearm.   He has served a total of 78 days detention as of May 22, 2024.

Mr. Lopez purchased two firearms on separate occasions while listing an address where he did not reside on the ATF Form 4473. Mr. Lopez was released following arraignment. While on release he committed a new offense and was found to be in possession of two firearms when arrested. While in custody, he was screened for Crossroads on September 13, 2023.

Mr. Lopez completed the Crossroads treatment and was given a certificate of completion. He also completed trauma therapy as part of the program. After completing treatment, Mr. Lopez transitioned to a halfway house in Phoenix and started working. He was having trouble getting to work due to transportation and was ultimately terminated. After termination, Mr. Lopez could not make the payments to the halfway house and decided to move to Yuma. Mr. Lopez did not notify his probation officer prior to the move. While in Yuma, Mr. Lopez began working for Yuman's Framers. During this time, Mr. Lopez was unaware that a warrant was issued for his arrest stemming from the allegations against him prior

to him entering into Crossroads. He was taken into custody and has remained in custody since.

Mr. Lopez did well after moving to Yuma. He obtained work as a framer and was able to pay a full year on an apartment lease. He moved in with his girlfriend and started a regular visitation schedule with his two children. Per Mr. Lopez's parenting schedule, he has custody of his children every week from Monday-Wednesday. Mr. Lopez's boss and owner of Yuman's Framers, Victor Lopez, has informed Mr. Lopez that he has employment with the company once he is released. Through the lessons that he learned from counseling, he was able to maintain a sober life and felt that his life was on track. Mr. Lopez and his girlfriend are expecting his third child, and he is eager to return to work so he can help provide for his children.

Mr. Lopez is remorseful for his actions. During the time of the underlying offense, and prior to entering Crossroads, he was addicted to drugs and made horrible decisions for himself. He credits his time with Crossroads for setting him on a path to a better life where he can provide for his children. Mr. Lopez understands that when he is released, he needs to abide by the terms of probation or he will find himself in custody. He is hoping for a variance in this case so that he can return to his family as soon as possible.

## LEGAL ANALYSIS

Pursuant to 18 U.S.C. §3553, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with" the following purposes:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)    to afford adequate deterrence to criminal conduct;
(C)    to protect the public from further crimes of the defendant;
(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In *United States v. Booker*, the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines be advisory and subsequent decisions by the Supreme Court (*Rita*, *Gall*, and *Kimbrough*, *supra*) have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in §3553 but outside the strictures of the Guidelines.

. . .

. . .

. . .

**SENTENCING RECOMMENDATION OF U.S. PROBATION**

The U.S. Probation Department is recommending that Mr. Lopez be sentenced to a term of imprisonment for 8 months, followed by supervised release for a period of three years.

**FACTORS UNDER U.S.C. §3553**

Mr. Lopez is asking the court to sentence him to a term of time served, followed by supervised release for a period of 3 years. This sentence would serve

as a deterrent to Mr. Lopez and would protect the public. The requested sentence reflects the seriousness of the offense and provides a just punishment.

## **CONCLUSION**

Based on the foregoing, Mr. Lopez respectfully requests the court to impose a sentence of time served, followed by supervised release for a period of three years.

Respectfully submitted:  May 17, 2024.


 *s/Carlos Brown*
Carlos A. Brown
Attorney for Defendant

I hereby certify that on May 17, 2024,

I electronically transmitted the attached Document to the Clerk's Office using the CM/ECF system for filing and transmittal Of a Notice of Electronic Filing to the Following CM/ECT registrants:

Honorable David G. Campbell
Addison B. Santome, Assistant U.S. Attorney
Jonathan P. Spano, U.S. Probation